## No. 6125.

### CHRISTIAN KLINE VS. THE PARISH OF ASCENSION.

Plaintiff recovered judgment for the amount of his salary as parish treasurer during 1873 and 1874, together with an order requiring the board of assessors to proceed forthwith to assess a special tax to pay the amount of said judgment. The objection is not to the amount of the judgment, but to the order directing a special tax to be collected for the payment of the same, because said debt is embraced in the estimate of the taxes levied for the years 1873 and 1874, and a sufficient amount is due and uncollected on said assessments to pay the debt owing to plaintiff.

Plaintiff, however, relies upon section 2628 of the Revised Statutes; but this section must be construed with other provisions of the law, and effect must be given, if possible, to each. Another provision of the law on the same subject is found in section 2450 of the Revised Statutes.

This last section, 2450, is the one applicable to the case at bar. Therein is to be found the remedy if the tax-collector fails to collect the assessments providing for this debt and others.

Where a debt has not been provided for, or where the tax intended for the payment of a debt can not be collected from any cause, or where the money has been diverted, the creditor will find relief in the above-mentioned section, 2628, of the Revised Statutes.

Under this interpretation effect may be given to both sections of the Revised Statutes, and the absurd consequence of double taxation may be avoided.

APPEAL from the Fourth Judicial District Court, parish of Ascension. *Flagg*, J. *Legendre, Poché & Franklin*, for plaintiff and appellee. *Frederick Duffel*, District Attorney *pro tem.*, for defendant and appellant.

WYLY, J. Plaintiff recovered judgment for the amount of his salary as parish treasurer during the years 1873 and 1874, together with an order requiring the board of assessors to proceed forthwith to assess a special tax to pay the amount of said judgment.

Defendant appeals. Appellant does not complain of the amount of the judgment, but the objection is to the order directing a special tax to be collected for the payment of the same; because said debt is embraced in the estimate of the taxes levied for the years 1873 and 1874, and a

sufficient amount is due and uncollected on said assessments to pay the debt owing to plaintiff.

As the evidence shows that plaintiff's debt has been provided for, and a sufficient amount to pay the same remains uncollected on the assessment rolls, we see no reason why an additional tax should be levied to pay it. If one creditor whose claim has been provided for in the general assessment of the current year can resort to the court and obtain a decree ordering a special tax to be levied for the payment of his claim, every other creditor can likewise do so; and the result will be that a double tax may be assessed and collected from the taxpayers, in contravention of that provision of the law which limits the amount of parish taxes in one year to one hundred per cent on the amount of State taxes. The police jury may assess a tax of one hundred per cent on the amount of State taxes to pay its creditors, and the latter can by the process of the court require a special tax, amounting in the aggregate to one hundred per cent upon the amount of State taxes. The result will be that two hundred per cent on the amount of the State taxes may be levied and collected for parish purposes, and the salutary provision of the law protecting the people from excessive taxation by municipal corporations will cease to be a protection and have the effect its authors intended it should have.

Plaintiff, however, relies upon section 2628 of the Revised Statutes, which declares that whenever a judgment for money is rendered against a parish the judge shall in the same decree order the board of assessors to assess a special tax to pay said judgment.

But this section must be construed with other provisions of the law, and effect must be given, if possible, to each. Another provision of the law upon the same subject is found in section 2450 of the Revised Statutes, which provides that whenever a police jury shall have provided for the payment of a debt by levying a tax, and shall fail or refuse to cause the tax to be collected for the purpose of paying the debt, it shall be the duty of the district judge, on motion of the attorney of any creditor of the parish, after having obtained judgment, to issue his mandate directed to the tax-collector to proceed forthwith to collect the taxes, and the same shall be appropriated to the payment of said judgment. This section is the one applicable to the case at bar, where plaintiff alleges and the evidence shows that his debt has been provided for, and there are ample taxes uncollected to pay the same. He is the treasurer of the parish, and if the tax-collector fails to collect the assessments provided for this and other debts owing by the parish, the law has provided a remedy in section 2450 of the Revised Statutes which will give the necessary relief.

Where a debt has not been provided for, or where the tax intended for

the payment of a debt can not be collected from any cause, or where the money has been diverted, the creditor will find relief in section 2628 of the Revised Statutes.

Under this interpretation effect may be given to both sections of the Revised Statutes, and the absurd consequence of double taxation may be avoided, and the provision of the law limiting the amount of parish taxes to the amount of State taxes owing by a taxpayer may be upheld and respected.

It is therefore ordered that the judgment herein be amended so as to strike out that part directing a special tax to be collected to pay the amount thereof, and as amended that it be affirmed, appellee paying costs of appeal.